**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| SHADMAN KARIM, | * | CIVIL ACTION NO. |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| NIURCA ACOSTA AND RANDALEE | * | |
| MAE ACOSTA, | * | |
| Defendants. | * | JULY 7, 2025 |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**COMPLAINT**

## I.    JURISDICTION AND VENUE:

1.    At all times hereinafter mentioned, the plaintiff, Shadman Karim, was a resident and citizen of the State of Connecticut, residing in Danbury, Connecticut.

2.    At all times hereinafter mentioned, the defendant, Niurca Acosta, was a resident and citizen of the State of New York, residing in New York City, in the Borough of Manhattan.

3.    At all times hereinafter mentioned, the defendant, Randalee Mae Acosata, was a resident of the State of New York, residing in New York City, in the Borough of Manhattan.

4.    The amount in controversy, exclusive and costs, exceeds the sum of $75,000.

5.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, based on Diversity of Citizenship.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the claim arose within this District, in the City of New York, County of New York (Manhattan).

1

II.     <u>**COMMON ALLEGATIONS:**</u>

6.      On June 30, 2024, at approximately 1:00 p.m., the plaintiff, Shadman Karim, was operating his Honda HRV, in a westerly direction on 179th Street, in Manhattan, New York.

7.      On the same day, at the same time, the defendant, Niurca Acosta, was driving a 2018 Audi Q7, operating said vehicle in a southerly direction on Broadway, also a public highway in New York, and at all times hereinafter mentioned, the defendant, Niurca Acosta, was operating the aforementioned 2018 Audi Q7 with the permission and consent, express or implied, of its owner, the defendant, Randelee Mae Acosta.

8.      At a point in the intersection of Broadway and 179th Street, the plaintiff, Shadman Karim, turned his vehicle left with a green light whereupon the defendant, Niurca Acosta, drove across the centerline of Broadway and around a vehicle stopped for a red traffic control before turning sharply right onto 179th Street and violently colliding with the plaintiff's vehicle, thereby causing the injuries and damages to the plaintiff as hereinafter set forth.

9.      After the defendant, Niurca Acosta, struck the plaintiff's vehicle with the aforementioned 2018 Audi Q7 that she was driving, she momentarily stopped the aforementioned 2-18 Audi Q7 she was driving and then abruptly fled the scene.

III.    **COUNT ONE (Shadman Karim v. Niurca Acosta):**

1.-9.    Paragraphs 1-9, above, are hereby incorporated herein as if fully set forth at

length

herein as ¶¶ 1-9 of this Count One.

10.    The injuries and damages to the plaintiff, Shadman Karim, were caused by the

negligence and carelessness of the defendant, Niurca Acosta, in one or more of the following

ways, in that she:

a.    Drove through a red traffic control signal governing southbound traffic on Broadway and then made a right-hand turn directly into the path of the plaintiff's vehicle;

b.    Drove through a red traffic control signal governing southbound traffic on Broadway in violation of New York VTL § 1110(a) and then made a right-hand turn directly into the path of the plaintiff's vehicle;

c.    Failed to grant the right of way to the plaintiff;

d.    Failed to grant the right of way to the plaintiff in violation of VTL § 1140)b);

e.    Was inattentive to her driving;

f.    Failed to make proper use of her faculties or senses so as to avoid the accident;

g.    Failed to apply her brakes in a timely manner or otherwise turn her vehicle so as to avoid the aforesaid collision;

h.      Failed to keep an adequate and proper lookout in front of her for traffic on the highway;

i.      Failed to stop for the red traffic control signal governing southbound traffic on Broadway;

j.      Operated her vehicle recklessly on a public highway without regard to the width, traffic, use of the highway and weather conditions; and/or

k.      Avoided responsibility by fleeing the scene of the collision.

11.     As a result of the negligence and carelessness of the defendant, Niurca Acosta, the plaintiff, Shadman Karim, suffered serious and likely permanent injuries to his back, neck, knees head and shoulder including the following:

a.      a post Concussive Syndrome characterized by dizziness and headaches;

b.      an acute traumatic cervical sprain and strain;

c.      a thoracic lumbar sprain and strain;

d.      cervical radiculopathy;

e.      bilateral knee contusions;

f.      an acute anxiety disorder;

g.      Post traumatic stress disorder;

h.      insomnia; and

i.      right shoulder sprain and strain.

12.     In all probability, the injuries and damages to the plaintiff's spine, head, shoulder and knees are permanent in nature and will require future medical treatment.

13.     The injuries and damages to the plaintiff have resulted permanent consequential

4

limitation of use of a body organ or member and/or significant limitation of use of a body function or system and/or a medically determined injury or impairment of a non-permanent nature which prevented the plaintiff from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the collision ad resulting injury, so as to constitute a "serious injury" as defined in § 5102(d) of the New York State Insurance Law.

14.     In addition, the plaintiff has suffered and will continue to suffer great physical and emotional pain, distress, anxiety, and discomfort and has been, and will in the future be, unable to participate in many of the activities in which he engaged prior to said accident.

15.     As a further result of the negligence and carelessness of the defendant, Niurca Acosta, the plaintiff was forced to incur substantial sums of money for the medical and therapeutic care, services, studies and medications necessitated by his condition.

IV.     **COUNT TWO (Shadman Karim v. Randalee Mae Acosta):**

1.-15.   Paragraphs 1-15, above, are hereby incorporated herein as if fully set forth at length herein as ¶¶ 1-15 of this Count Two.

16.     The defendant, Randalee Mae Acosta, is liable and responsible for the injuries and damages sustained by the plaintiff, Shadman Karim, which resulted from the negligence and carelessness of the defendant, Niurca Acosta, in her use and operation of the aforementioned 2018 Audi Q7 vehicle which was owned Randalee Mae Acosta, by virtue of New York State Vehicle and Traffic Law § 388.

5

**WHEREFORE,** the Plaintiff, Shadman Karim, demands:

1.      Fair, just and reasonable monetary damages, including, without limitation, compensatory damages for pain and suffering;

2.      General damages, consequential damages, and incidental damages;

3.      Costs and fees allowable by law associated with their action; and

4.      Any and all such other and further relief which they may be entitled to and/or which are deemed by the Court to be equitable and just.

## DEMAND FOR TRIAL BY JURY

Please take notice that the Plaintiff, Shadman Karim, hereby demands a trial by jury.

THE PLAINTIFF,
SHADMAN KARIM

BY:    Stephen E. Pliakas, Esq.
       CT Federal Bar No.: ct20182;
       SDNY Federal Bar No.: SP3187
       Stephen E. Pliakas, Esq.
       Renehan & Rossetti, LLP
       134 Highland Avenue
       Waterbury, CT 06708
       Juris No. 443804
       Tel. No. 203-596-9030
       CT Federal Bar No.: ct20182;
       SDNY Federal Bar No.: sp3187
       E-MAIL ADDRESS: Steve@renrosslaw.com

7