UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shadman Karim,<br><br>                           Plaintiff,<br><br>-against-<br><br>Randalee Mae Acosta and Yovanni N. Bisono a/k/a Yovanny N. Bisono,<br><br>                           Defendants. | 1:25-cv-05552 (VSB) (SDA)<br><br>OPINION AND ORDER |

**STEWART D. AARON, United States Magistrate Judge:**

Shadman Karim ("Plaintiff") currently brings claims in this action against Randalee Mae Acosta ("R.M. Acosta") and Yovanni N. Bisono a/k/a Yovanny N. Bisono ("Bisono") alleging personal injuries resulting from a car accident. (*See* Am. Compl., ECF No. 24, ¶¶ 10-16.) This Opinion and Order, which follows a November 10, 2025 telephone conference in which only counsel for Plaintiff appeared, concerns a default by R.M. Acosta for failing to defend this action.

## BACKGROUND

On July 9, 2025, the Complaint was filed in this action against two defendants, *i.e.*, R.M. Acosta and Niurca Acosta ("N. Acosta"). (*See* Compl., ECF No. 9.[1]) The Complaint alleged that N. Acosta was driving a vehicle (*i.e.*, a 2018 Audi Q7) owned by R.M. Acosta that struck Plaintiff's vehicle. (*See id*. ¶¶ 6-9.)

On the same day, this action was referred to the undersigned for general pretrial management. (Order of Ref., ECF No. 8.) On July 28, 2025, R.M. Acosta entered an appearance in this action, consented to electronic service in this action and filed an Answer. (Not. of

---

[1] The Complaint initially was filed on July 7, 2025, at ECF No. 1, but was deemed deficient by the Clerk of Court due to a signature error. Plaintiff refiled the Complaint at ECF No. 9 with a corrected signature.

Appearance, ECF No. 12; Consent to Electronic Service, ECF No. 10; Ans., ECF No. 11.) In the Answer, R.M. Acosta stated that she was driving the vehicle at the time the accident occurred; that the vehicle was owned by "some guy[]" that she "was dating at the time;" and that she did not have insurance. (*See* Ans. at 1.)

On August 1, 2025, an Order was entered scheduling a telephone conference for August 18, 2025, which subsequently was adjourned to August 20, 2025. (8/1/25 Order, ECF No. 14; 8/13/25 Order, ECF No. 16.) On August 20, 2025, a telephone conference was held in which R.M. Acosta and counsel for Plaintiff appeared. (*See* 8/20/25 Min. Entry.) During the August 20 conference, R.M. Acosta explained that she was driving the vehicle, a 2018 Audi Q7, with a Georgia State license plate, when the collision occurred, and that at the accident scene R.M. Acosta identified herself to the Plaintiff and the police as "Niurca Acosta." (*See* Pl.'s 10/14/25 Ltr. Mot., ECF No. 32, at 1-2.) R.M. Acosta further explained that N. Acosta was her aunt, and that N. Acosta had no connection to this action. (*See id*. at 2.) R.M. Acosta also stated during the conference that the owner of the 2018 Audi Q7 was a man she dated briefly in the summer of 2024, when the subject collision occurred, who she knew only as "Geo," that she had no contact information for "Geo" and that she did not know where he lived. (*See id* at 1.)

Following the conference, and also on August 20, 2025, the Court entered an Order that required R.M. Acosta to sign and return to Plaintiff's counsel an affidavit of no insurance no later than September 10, 2025, and that required Plaintiff to file an Amended Complaint no later than October 6, 2025. (8/20/25 Order, ECF No. 17.)

Soon after the August 20 conference, Plaintiff's counsel received information from his investigator, based upon the vehicle identification number, that the owner of the 2018 Audi Q7

2

was Bisono. (*See* Pl.'s 10/14/25 Ltr. Mot. at 2.) The information received also suggested that Bisono was a relative or friend of R.M. Acosta and that the two of them lived, or continued to live, together. (*See id*.)

On August 27, 2025, Plaintiff filed an Amended Complaint naming as defendants R.M. Acosta and Bisono. (*See* Am. Compl.) The Amended Complaint alleged that R.M. Acosta was driving the 2018 Audi Q7 that struck Plaintiff's vehicle, and that Bisono was the owner of the 2018 Audi Q7. (*See id*. ¶¶ 6-9.) R.M. Acosta to date has not filed any response to the Amended Complaint.

On August 28, 2025, a summons was issued for Bisono. (Bisono Summons, ECF No. 28.) On September 18, 2025, Plaintiff filed an Affidavit of Service indicating that Bisono was unable to be served. (Aff. of Service, ECF No. 29.) On October 10, 2025, Plaintiff filed a Certificate of Service again indicating that Bisono was unable to be served. (Cert. of Service, ECF No. 31.)

On October 14, 2025, Plaintiff filed a Letter Motion requesting a conference. (*See* Pl.'s 10/14/25 Ltr. Mot.) In the Letter Motion, Plaintiff's counsel stated that he had tried to contact R.M. Acosta (using the email address and phone number listed on her filings in this case) to seek her cooperation, among other things, in signing an affidavit of no insurance. (*See id*. at 3.) However, R.M. Acosta did not respond to the emails and calls she received from Plaintiff's counsel. (*See id*.) In the Letter Motion, Plaintiff's counsel stated that he was requesting a conference "with Randalee Mae Acosta present, and, if possible, with Yovanni N. Bisono in attendance as well, to attempt to avoid the cost, expense and burden on the Court, as well as the adverse consequences to Randalee Mae Acosta and Yovanni N. Bisono, in pursuing default judgments against them." (*Id*.)

On October 15, 2025, the undersigned granted Plaintiff's Letter Motion and scheduled a telephone conference for October 27, 2025. (10/14/25 Order, ECF No. 34.) On October 27, 2025, a telephone conference was held in which counsel for Plaintiff appeared, but R.M. Acosta failed to appear. Following the conference, on October 28, 2025, an Order was entered setting a deadline of November 7, 2025, for Acosta to show cause in a writing filed to the ECF docket why a default should not be entered against her pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to appear at the conference. (10/28/25 Order, ECF No. 35, ¶ 1.) The Order further directed the parties to appear for a telephone conference on November 10, 2025, at 11:00 a.m. (*See id.* ¶ 2.) The Order also stated, in part: "If Acosta fails to appear at the conference, a default shall be entered against her." (*Id.*) Finally, the October 28 Order required Plaintiff, no later than December 31, 2025, to effectuate valid service of the Summons and Amended Complaint upon Bisono. (*See id.* ¶ 3.)

On November 10, 2025, a telephone conference was held in which counsel for Plaintiff appeared, but R.M. Acosta did not appear.

## **LEGAL STANDARDS**

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court . . ., a district judge also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted). Because entry of a default under Rule 55(a) is non-dispositive, a magistrate judge also may direct

4

the Clerk of Court to enter a default pursuant to the referral for general pretrial management. *See Scalia v. Mucino*, No. 17-CV-00605 (EAW) (HBS), 2021 WL 222012, at *1 (W.D.N.Y. Jan. 22, 2021) (directing Clerk of Court to enter default under Rule 55(a) as non-dispositive pretrial matter and citing cases).

"Even where a defendant has filed an answer, 'Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.'" *Vicente v. Ljubica Contractors LLC*, No. 18-CV-0419 (VSB) (SLC), 2020 WL 2832808, at *6 (S.D.N.Y. June 1, 2020) (quoting *Mickalis Pawn Shop, LLC*, 645 F.3d at 128).

## DISCUSSION

In the present case, the Amended Complaint was filed on August 27, 2025. (*See* Am. Compl.) Since R.M. Acosta consented to electronic service, her response to the Amended Complaint was due 14 days later, *i.e.*, September 10, 2025. *See* Fed. R. Civ. P. 15(a)(3). Because R.M. Acosta has not yet responded to the Amended Complaint, she is in default, and a default may be entered against her under Rule 55(a). However, the Second Circuit has cautioned against entering defaults solely based upon delays in responding to amended pleadings. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (reversing default judgment based upon default where defendants "were ten days late in serving their amended answer to their former attorney's amended complaint"). "While courts are entitled to enforce compliance with the time limits of the Rules by various means," default is viewed as an "extreme sanction," one to be treated as "a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277 (collecting cases). The Court thus considers other indicia of R.M. Acosta's failure to defend in this case.

First, R.M. Acosta failed to comply with the Court's August 20, 2025 Order requiring R.M. Acosta to sign and return to Plaintiff's counsel an affidavit of no insurance. (*See* 8/20/25 Order; *see also* 10/14/25 Ltr. Mot. at 3.)

Second, after R.M. Acosta failed to appear at the October 27, 2025 telephone conference, she was ordered to show cause in writing by November 7, 2025, why a default should not be entered against her. (*See* 10/28/25 Order ¶ 1.) However, she failed to do so.

Third, R.M. Acosta failed to appear at a second court conference on November 10, 2025, after having been warned that a default would be entered against her if she failed to appear. (*See id*. ¶ 2.)

Considering all the foregoing, the Court finds that a default should be entered against R.M. Acosta as she has failed to "otherwise defend" this action. *See* Fed. R. Civ. P. 55(a); *see also Fed. Election Comm'n v. LatPAC*, No. 21-CV-06095 (ALC) (SDA), 2022 WL 72304, at *2 (S.D.N.Y. Jan. 7, 2022) (default entered against individual defendant after he failed to appear for telephone conference, failed to file new responsive pleading as directed by the Court and failed to appear for second telephone conference, despite warning that failure to do so may result in the imposition of sanctions, including entry of default judgment).

## CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully requested to enter a default against defendant R.M. Acosta pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff shall refrain from seeking a default judgment against R.M. Acosta until this action has concluded as to Defendant Bisono, by trial, motion or otherwise. *See Sahebdin v. Khelawan*, No. 21-CV-02956 (MKB) (VMS), 2025 WL 2933001, at *4 (E.D.N.Y. Aug. 13, 2025) ("Courts in the Second Circuit

6

generally do not enter a default judgment in a case with multiple defendants if the litigation is ongoing as to some defendants."), *report and recommendation adopted*, 2025 WL 2642133 (E.D.N.Y. Sept. 15, 2025).[2]

**SO ORDERED.**

Dated:   New York, New York
         November 12, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] When it comes time for Plaintiff to seek a default judgment, Plaintiff shall prepare an order to show cause for default judgment in accordance with the procedures set forth in Attachment A to District Judge Broderick's Individual Rules & Practices in Civil Cases.